UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY EVANS,

            Petitioner,

    -vs-                                  **No. 08-CV-6358 (CJS)(VEB)**
                                        **DECISION AND ORDER**

ROBERT KIRKPATRICK,

            Respondent.

*Pro se* petitioner Anthony Evans has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state custody. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1), for the purpose of, among other things, hearing and deciding non-dispositive motions.

Presently before the Court is Evans' motion to disqualify the Erie County District Attorney's Office, which prosecuted the criminal case that forms the basis of the instant habeas petition, from representing respondent. (Docket No. 10). In other words, Evans argues, the Erie County District Attorney cannot represent respondent, a state official (i.e., the superintendent of the correctional facility at which Evans is housed). Rather, Evans contends, only the New York State Attorney General (or one of his Assistant Attorneys General) can legally represent respondent in this action construing New York State statutes. Petitioner cites to the New York County Law § 700 and New York Executive Law § 63 as granting the New York State Attorney General exclusive jurisdiction to defend habeas respondents, since they are state officials. New York County Law § 700(1) grants district attorneys the general power to prosecute state offenses

within their county. New York Executive Law § 63(1) provides that the attorney general shall, *inter alia*, "[p]rosecute and defend all actions and proceedings in which the state is interested, and have charge and control of all the legal business of the departments and bureaus of the state, or of any office thereof which requires the services of attorney or counsel, in order to protect the interest of the state . . . ." N.Y. Exec. Law § 63(1). Neither statute, on its face, stands for the argument urged by petitioner–that only the New York State Attorney General (or one of his Assistant Attorneys General) can legally represent respondent in this action against a state official.

As an initial matter, courts in this District clearly recognize the practice of having county district attorneys intervene in federal habeas proceedings in district court. *Gordon v. Poole*, No. 07CV474, 2008 WL 111193, at *4 (W.D.N.Y. Jan. 9, 2006) (citing *Brundidge v. Barkley*, No. 98CV234, Docket No. 7, Order of Nov. 16, 1998 (W.D.N.Y.) (Scott, M. J.); *Booker v. Kelly*, 636 F. Supp. 319, 323 (W.D.N.Y.1986) (Telesca, D.J.); Wise v. *Smith*, 559 F. Supp. 44, 47 (W.D.N.Y.1983) (Telesca, D.J.); *Tyson v. Lord*, No. 84 Civ. 7023, 1985 WL 1409 (S.D.N.Y. May 22, 1985); *but cf. Bodine v. Brunelle*, No. 97CV57, 1999 U.S. Dist. LEXIS 2129, at *8 (W.D.N.Y. May 14, 1999) (Foschio, M.J.) (denying district attorney's motion to intervene but allowing district attorney to appear for respondent). As courts in this District have observed that "[i]t is the practice of the [New York State] Attorney General to allow district attorneys in more populous counties to appear on behalf of habeas respondents to defend the convictions earned in their respective counties." 2008 WL 111193, *6 (W.D.N.Y.) (cited in *Brown v. Berbary*, No. 01CV6500, 2004 U.S. Dist. LEXIS 13598, 2004 WL 1570258 (W.D.N.Y. June 16, 2004) (Payson, M.J.)). Moreover, district courts have "recognize[d] the interest the district attorney has

in upholding the underlying conviction in providing that office notice of the pending habeas petition and by allowing that counsel to represent the respondent." *Gordon*, 2008 WL 111193, at *4 (internal citation to record omitted). Indeed, the federal habeas corpus statute and rules governing § 2254 proceedings explicitly state that "[p]rior to the hearing of a habeas corpus proceeding in behalf of a person in custody of State officers or by virtue of State laws notice shall be served," 28 U.S.C. § 2252, "not just upon the state's attorney general, but also upon 'other appropriate officer of such State as the justice or judge at the time of issuing the writ shall direct,'" *Gordon*, 2008 WL 111193, at *4 (quoting 28 U.S.C. § 2252 and citing Rules Governing Section 2254 Cases in the United States District Courts Rule 4 ("In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved")). However, "[t]he attorney general need not answer the petition where another agency is more appropriate[.]" *Id.* (citing *Redner v. Dean*, 29 F.3d 1495, 1503 (11th Cir.1994) (holding county sheriff as appropriate agency to answer habeas petition for county ordinance violation), *cert. denied*, 514 U.S. 1066 (1995)). The "Advisory Committee Notes to Rule 4 of the Rules Governing § 2254 Cases specifically point out that '[a]lthough the attorney general is served, he is not required to answer if it is more appropriate for some other agent to do so.'" *Brown v. Berbary*, No. 01CV6500, 2004 WL 1570258, at 1 & n.1 (W.D.N.Y. June 16, 2004) (Payson, M.J.) (quoting Advisory Committee Notes to Rule 4 of the Rules Governing § 2254 Cases in District Court); *accord Gordon*, 2008 WL 111193, at *6.

In *Redner*, the Eleventh Circuit noted that under Florida's statutory assignment of authority to its Attorney General to appear on behalf of the state, FLA. STAT. ANN. § 16.01(4),

which is similar to New York's, required the attorney General to "appear in and attend to, in behalf of the state, all suits . . . in which the state may be a party, or in anywise interested." *Redner*, 29 F.3d. At 1503 (quoting FLA. STAT. ANN. § 16.01(4)). However, citing Rule 4 of the Rules Governing § 2254 Cases in District Court, the Eleventh Circuit held that the Attorney General was not *required* to represent respondent in that action if it is more appropriate for some other agent to do so. The *Redner* court observed that petitioner had 'confuse[d] the Attorney General's mandatory duty to represent the State with its discretionary authority to intervene in lawsuits in which the State has an interest[.]'" *Gordon*, 2008 WL 111193, at *4 (quoting *Redner*, 29 F.3d at 1503). Rule 4 of the Rules Governing Section 2254 Cases, as applied in, *e.g.*, *Redner* recognizes that in general, and specifically in this case, the crux of a 28 U.S. § 2254 habeas proceeding is the state court conviction itself, rather than respondent's role as custodian of petitioner's body; "hence, between the prosecutor and the Attorney General, the prosecutor would be in the better position to defend that conviction in the habeas proceeding." *Gordon*, 2008 WL 111193, at *4.

      The Court does not agree that the sole federal case cited by petitioner, *Farmer v. McBride*, No. 04-7713, 177 Fed. Appx. 327, 333, 2006 WL 1112794, at **4 (4th Cir. Apr. 26, 2006) (unpublished opn.), supports his contention. First, the procedural posture of petitioner's case and the *Farmer* case is wholly different. Unlike the present case, petitioner argued in *Farmer* that the state attorney general had "abandoned" its representation of respondent superintendent after the magistrate judge issued a report and recommendation advising denial of petitioner's petition. The prosecuting attorney claimed that the Circuit court should excuse the waiver because the attorney general's office failed to file objections and the prosecuting attorney

did not receive notice of the proceedings in time to file objections herself. This leads us to the second critical difference between this case and *Farmer*–namely that there was a state statute at issue, W. VA.CODE § 5-3-2, specifically providing that "[t]he attorney general shall appear as counsel for the state in all causes pending in the supreme court of appeals, or in any federal court, in which the state is interested. . . ." *Farmer*, 177 Fed. Appx. 327, *333, 2006 WL 1112794, at **4. Thus, under West Virginia state law, "the district court had no obligation to notify the Prosecuting Attorney in addition to the Attorney General of the pending proceedings or the magistrate judge's findings and recommendation." *Id.* (citing 28 U.S.C. § 2252)). There is no such similar statute at operation in New York state. Moreover, the issue in *Farmer* was one of proper notice, rather than the propriety, in the first instance, of the prosecuting attorney having assumed the defense of respondent, a state official. In *Farmer*, only the attorney general was provided notice that the magistrate judge's report and recommendation had been issued; the prosecuting district attorney had not been notified, even though she had been representing respondent throughout the pendency of the habeas corpus proceeding. Thus, the issue came down to whether the right to object to the report and recommendation had been waived or forfeited.

For the foregoing reasons, Evans' motion (Docket No. 10) that the Erie County District Attorney be disqualified from appearing for the respondent is **denied and dismissed.** *Accord, e.g.*, *Nance v. Conway*, No. 06-CV-0615S, 2007 WL 2325916, at *2 (W.D.N.Y. Aug. 15, 2007) (Skretny, D.J.)).

**IT IS SO ORDERED**.

/s/ Hon. Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: September 24, 2009
     Rochester, New York