UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY EVANS,

                Petitioner,          **DECISION AND ORDER**
                                        **No. 08-CV-6358T**

    -vs-

ROBERT A. KIRKPATRICK,
Superintendent

                Respondent.

_____

## I.   Introduction

Petitioner Anthony Evans ("Petitioner") was convicted, after a jury trial, of Burglary in the Second Degree (N.Y. Penal Law § 140.25[2]), and sentenced, as a persistent violent felony offender, to twenty-two years to life imprisonment. By Decision and Order dated October 22, 2010, this Court denied Petitioner's application under 28 U.S.C. § 2254 for a writ of habeas corpus (Dkt. No. 22) (hereinafter "the habeas decision"), and judgment was entered four days later on October 26, 2010 (Dkt. No. 23).

Petitioner now seeks reconsideration of the Court's habeas decision, pursuant to Fed. R. Civ. P. 60(b)(4), (6). Dkt. No. 28. For the reasons that follow, Petitioner's motion is denied.

## II.  The Motion is Untimely

Rule 60(b) allows a party to seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence;

(3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1) - (5).  Subsection (6) allows a party to move for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Under Rule 60(c), the timeliness of a Rule 60(b) motion depends upon which of 60(b)'s six distinct "[g]rounds for relief the movant invokes; that section provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment."  Fed. R. Civ. P. 60(c).

Petitioner filed the instant motion in this Court on or about December 19, 2012 (Dkt. No. 28), nearly twenty-six months after entry of the judgment from which he seeks relief, and thus well beyond the one-year period applicable to most 60(b) motions. Because petitioner has explicitly invoked only grounds (4) and (6), however, his motion appears to survive the one-year bar and requires the Court to consider, instead, whether the nearly twenty-six month period between judgment and motion is a "reasonable time" within the meaning of 60(c).  The Court finds that it is not.

Determining whether a motion to vacate has been filed within a reasonable time "requires scrutin[izing] the particular circumstances of the case, and balanc[ing] the interests in finality with the reason for delay." Hom v. Brennan, 840 F. Supp. 2d 576, 581 (E.D.N.Y. 2011) (alterations in original)

(internal quotation marks and citation omitted); see also
DeWeerth v. Baldinger, 38 F.3d 1266, 1275 (2d Cir. 1994).  In
this case, Petitioner has not pointed to any particular
circumstance(s) that prevented him from filing the instant motion
earlier.  The only explanation he offers as to why it took him
nearly twenty-six months to file the instant motion is a bald
assertion that "[h]e is a layman of the law" and that "[i]t has
taken some time for [him] to learn the laws of . . . criminal and
civil procedures."  Pet'r Mem. of Law in Support of 60(b) Motion
at p 4.  Indeed, the Court is mindful that Petitioner is
proceeding *pro se* and that his submissions are held to "less
stringent standards than formal pleadings drafted by lawyers . .
. ."  Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v.
Kerner, 404 U.S. 519, 520 (1972)).  However, Petitioner's *pro se*
status does not simply excuse him from complying with the timing
requirements of Rule 60(c).  See generally Triestman v. Fed.
Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (holding that
pro se status "does not exempt a party from compliance with
relevant rules of procedural and substantive law").  When a
plaintiff is proceeding *pro se*, "all normal rules of pleading are
not absolutely suspended."  Jackson v. Onondaga Cnty., 549 F.
Supp. 2d 204, 214 n.28 (N.D.N.Y. 2008).

Accordingly, Petitioner's motion, made nearly twenty-six
months after this Court's entry of judgment and approximately
seventeen months after the Second Circuit dismissed his appeal on

July 19, 2011 (Dkt. No. 27), is time-barred.  Courts have found
delays of twenty-six months and shorter to be unreasonably long
in the context of Rule 60(b) motions.  See, e.g., Kellogg v.
Strack, 269 F.3d 100, 104 (2d Cir. 2001) ("Kellogg's motion was
made twenty-six months after the entry of the final judgment, a
period of time which constitutes a patently unreasonable delay
absent mitigating circumstances."); James v. United States, 603
F. Supp. 2d 472, 479 (E.D.N.Y. 2009) ("Petitioner waited over
twenty-one months before filing this motion . . . .  Petitioner
has not explained this delay.  Federal courts have found
unexcused delays shorter than twenty months to be unreasonable
and therefore, time-barred . . . .  Accordingly,  the court finds
that the [] claim as not made within a reasonable time and may
not be considered.") (citations omitted); Moses v. United
States, 97 CIV 2833, 2002 U.S. Dist. LEXIS 16799, 2002 WL
31011864, at *2 (S.D.N.Y. Sept. 9, 2002) (listing decisions that
rejected 60(b) motions on timeliness grounds for delays ranging
from ten to twenty months) (citations omitted).

Accordingly, the Court finds that Petitioner's motion is
untimely and denies it on this basis.

**III.  Conclusion**

Petitioner's motion, pursuant to Fed. R. Civ. P. 60(b)(4),
(6), is denied on the basis that it is untimely (Dkt. No. 28).
Because Petitioner has failed to make "a substantial showing of a
denial of a constitutional right," 28 U.S.C. § 2253 (c)(2),  I

decline to issue a certificate of appealability.  See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    February 20, 2013
          Rochester, New York