UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY EVANS,

                    Petitioner,

   -vs-

ROBERT A. KIRKPATRICK,
Superintendent

                    Respondent.

**DECISION AND ORDER**
**No. 08-CV-6358T**

_____

## I. Introduction

Petitioner Anthony Evans ("Petitioner") was convicted, after a jury trial, of Burglary in the Second Degree (N.Y. Penal Law § 140.25[2]), and sentenced, as a persistent violent felony offender, to twenty-two years to life imprisonment. By Decision and Order dated October 22, 2010, this Court denied Petitioner's application under 28 U.S.C. § 2254 for a writ of habeas corpus (Dkt. No. 22) (hereinafter "the habeas decision"), and judgment was entered four days later on October 26, 2010 (Dkt. No. 23).

Petitioner now seeks reconsideration of the Court's habeas decision, pursuant to Fed. R. Civ. P. 60(b)(4), (6). Dkt. No. 28. For the reasons that follow, Petitioner's motion is denied.

## II. The Motion is Untimely

Rule 60(b) allows a party to seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence;

(3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1) – (5). Subsection (6) allows a party to move for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Under Rule 60(c), the timeliness of a Rule 60(b) motion depends upon which of 60(b)'s six distinct "[g]rounds for relief the movant invokes; that section provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c).

Petitioner filed the instant motion in this Court on or about December 19, 2012 (Dkt. No. 28), nearly twenty-six months after entry of the judgment from which he seeks relief, and thus well beyond the one-year period applicable to most 60(b) motions. Because petitioner has explicitly invoked only grounds (4) and (6), however, his motion appears to survive the one-year bar and requires the Court to consider, instead, whether the nearly twenty-six month period between judgment and motion is a "reasonable time" within the meaning of 60(c). The Court finds that it is not.

Determining whether a motion to vacate has been filed within a reasonable time "requires scrutin[izing] the particular circumstances of the case, and balanc[ing] the interests in finality with the reason for delay." Hom v. Brennan, 840 F. Supp. 2d 576, 581 (E.D.N.Y. 2011) (alterations in original)

(internal quotation marks and citation omitted); see also DeWeerth v. Baldinger, 38 F.3d 1266, 1275 (2d Cir. 1994). In this case, Petitioner has not pointed to any particular circumstance(s) that prevented him from filing the instant motion earlier. The only explanation he offers as to why it took him nearly twenty-six months to file the instant motion is a bald assertion that "[h]e is a layman of the law" and that "[i]t has taken some time for [him] to learn the laws of . . . criminal and civil procedures." Pet'r Mem. of Law in Support of 60(b) Motion at p 4. Indeed, the Court is mindful that Petitioner is proceeding *pro se* and that his submissions are held to "less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, Petitioner's *pro se* status does not simply excuse him from complying with the timing requirements of Rule 60(c). See generally Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (holding that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law"). When a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." Jackson v. Onondaga Cnty., 549 F. Supp. 2d 204, 214 n.28 (N.D.N.Y. 2008).

Accordingly, Petitioner's motion, made nearly twenty-six months after this Court's entry of judgment and approximately seventeen months after the Second Circuit dismissed his appeal on

July 19, 2011 (Dkt. No. 27), is time-barred.  Courts have found delays of twenty-six months and shorter to be unreasonably long in the context of Rule 60(b) motions.  See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) ("Kellogg's motion was made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances."); James v. United States, 603 F. Supp. 2d 472, 479 (E.D.N.Y. 2009) ("Petitioner waited over twenty-one months before filing this motion . . . . Petitioner has not explained this delay.  Federal courts have found unexcused delays shorter than twenty months to be unreasonable and therefore, time-barred . . . . Accordingly, the court finds that the [] claim as not made within a reasonable time and may not be considered.") (citations omitted); Moses v. United States, 97 CIV 2833, 2002 U.S. Dist. LEXIS 16799, 2002 WL 31011864, at *2 (S.D.N.Y. Sept. 9, 2002) (listing decisions that rejected 60(b) motions on timeliness grounds for delays ranging from ten to twenty months) (citations omitted).

Accordingly, the Court finds that Petitioner's motion is untimely and denies it on this basis.

### III. Conclusion

Petitioner's motion, pursuant to Fed. R. Civ. P. 60(b)(4), (6), is denied on the basis that it is untimely (Dkt. No. 28).  Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253 (c)(2), I

decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: February 20, 2013
Rochester, New York